UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <u>ex rel</u>. AIDAN FORSYTH,<br><br>          Plaintiff,<br><br>vs.<br><br>DAVID HUNTER MOORE, MOORE ADVANCED INC., and HD FREIGHT LOGISTICS LLC,<br><br>          Defendants. | **COMPLAINT FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT**<br><br>**(Filed in camera and under seal)**<br>**(DO NOT PLACE ON PACER)**<br><br>**JURY TRIAL DEMANDED**<br><br>Case No. _____ |

Plaintiff-Relator Aidan Forsyth, acting on behalf of the United States of America (the **"Government"** or the **"Federal Government"**) and against Defendants, alleges based upon personal knowledge, relevant documents, information, and belief, as follows:

## **INTRODUCTION**

1.     This is an action to recover damages and civil penalties on behalf of the United States of America arising from false and/or fraudulent records, statements, and claims made and caused to be made by Defendants and/or their agents and employees, in violation of the federal False Claims Act, 31 U.S.C. §§ 3729, *et seq*. **("the FCA")**.

2.     This action seeks to recover hundreds of thousands of federal dollars borrowed by the entity defendants through the Federal Government's Payroll Protection Program **("PPP")** and Economic Impact Disaster Loan program **("EIDL")**. The PPP provides a pathway to borrowers for forgiveness of these loans.

3.      Pursuant to the PPP, the Federal Government has spent billions of dollars in stimulus funding, as well as other federal funding, to support and aid legitimate businesses through the coronavirus pandemic.

4.      This action alleges that Defendants applied for PPP funds and received PPP funds despite the PPP application and rules prohibiting applicants from receiving PPP funds when an owner of the applicant was convicted of a felony involving fraud, bribery, embezzlement, or a false statement in a loan application for federal financial assistance within the last five years or any other felony within the last year.

5.      The FCA was enacted during the Civil War, and was substantially amended in 1986, and again in 2009 and 2010. Congress amended the FCA in 1986 to enhance the Federal Government's ability to recover losses sustained as a result of fraud against the United States after finding that fraud in federal programs was pervasive and that the FCA, which Congress characterized as a primary tool for combating government fraud, was in need of modernization. The amendments create incentives for individuals to come forward with information about fraud against the Federal Government without fear of reprisals or inaction, and enable the use of private legal resources to prosecute fraud claims on the Federal Government's behalf.

6.      The FCA prohibits, *inter alia*: (1) knowingly presenting, or causing to be presented, a false or fraudulent claim for payment or approval; and (2) knowingly making or using, or causing to be made or used, a false or fraudulent record or statement material to a false or fraudulent claim. 31 U.S.C. §§ 3729(a)(1)(A), (B). Any person who violates the FCA is liable for a civil penalty for each such claim, **plus three times the amount of the damages** sustained by the Government. 31 U.S.C. § 3729(a)(1)(A) (as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 [28 U.S.C. § 2461 note; Public Law 104-410]).

7.      In 2009, Congress amended the FCA to clarify that a "claim" includes "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property that (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest…" 31 U.S.C. § 3729(b)(2).

8.      The FCA allows any person having information about an FCA violation to bring an action for himself and the Federal Government, and to share in any recovery. The FCA requires that the complaint be filed under seal for a minimum of 60 days (without service on Defendants during that time) to allow the Federal Government time to conduct its own investigation and to determine whether to join the suit.

9.      Based on the foregoing laws, *qui tam* Plaintiff/Relator seeks through this action to recover all available damages, civil penalties, and other relief for the violations alleged herein in every jurisdiction to which Defendants' misconduct has extended.

## PARTIES

10.      Plaintiff/Relator Aidan Forsyth **("Relator")** is a resident of New York. He brings this action on behalf of the United States of America, the real party in interest.

11.      Upon information and belief, David Hunter Moore is an individual currently incarcerated and residing in Desoto County, Mississippi. He does business in, and has minimum contacts with, the State of Tennessee.

12.      Defendant Moore Advanced Inc **("Moore Advanced")** is a Tennessee entity with principal place of business in Memphis, Shelby County, Tennessee.

13.     Moore Advanced applied for a PPP loan on May 4, 2020, in the amount of approximately $1,071,910.92 (loan #1330597407). This loan was forgiven on February 3, 2021.

14.     Defendant HD Freight Logistics, LLC **("HD Freight")** is a Georgia entity organized by Moore and, upon information and belief, is doing business in Tennessee or had minimum contacts in Tennessee.

15.     HD Freight applied for a PPP loan on May 1, 2020, in the amount of approximately $10,455 (loan #9188177306). This loan was partially forgiven on October 28, 2021, in the amount of $546.11.

16.     See PPP loan information for both entity defendants in the charts attached to **Exhibit A**.

17.     HD Freight applied for and obtained an EIDL on May 9, 2020, in the amount of $20,200, and an EIDL grant on April 14, 2020, in the amount of $5,000. See, information for this EIDL loan and grant in the charts attached in **Exhibit B**.

18.     Upon information and belief, the EIDL loan and grant applications used by Defendants have anti-fraud provisions similar to those contained in the PPP loan application cited herein.

19.     Upon information and belief, Moore was at least a 20% owner of both defendant entities at the time of the above loans and grant.

20.     Moore is a convicted felon. On May 8, 2019, Moore was indicted for numerous felonies. *See*, grand jury indictment attached as **Exhibit C**. Thus, at the time the defendant entities applied for the above loans and grant, Moore was subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges were brought against him. This resulted in a felony conviction for which Moore was sentenced to 10 years in prison.

21.    He was convicted by a jury on March 4, 2022, for various felonies involving video voyeurism.

22.    He was sentenced by the Circuit Court of Desoto County on March 29, 2022, to 10 years in prison. *See*, Sentence of the Court attached as **Exhibit D**.

## <u>JURISDICTION AND VENUE</u>

23.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732, the latter of which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§ 3729 and 3730. Although this issue is no longer jurisdictional after the 2009 amendments to the FCA, to Realtor's knowledge there has been no statutorily relevant public disclosure of the "allegations or transactions" in this Complaint, as those concepts are used in 31 U.S.C. § 3730(e), as amended by Pub. L. No. 111-148, § 10104(j)(2), 124 Stat. 119, 901-02.

24.    Moreover, whether or not such a disclosure has occurred, Relator would qualify as an "original source" of the information on which the allegations or transactions in this Complaint are based. Plaintiff researched and discovered the pertinent entity information and individual information of each Defendant.

25.    This Court has personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a) because that section authorizes nationwide service of process and because Moore Advanced has its principal place of business in Shelby County, Tennessee, and the other defendants have minimum contacts with Tennessee to satisfy jurisdictional requirements.

26.    Venue is proper in the District of Western Tennessee pursuant to 28 U.S.C. § 1391(b)-(c) and 31 U.S.C. § 3732(a) because Defendants can be found in and/or transacted business in this district, and because violations of 31 U.S.C. §§ 3729 *et seq*. alleged herein

occurred within this district. At all times relevant to this Complaint, Defendants regularly

conducted substantial business within this district.

## THE PAYCHECK PROTECTION PROGRAM

27.    Congress added sections 1102 and 1106 of the Coronavirus Aid, Relief, and

Economic Security Act (**"CARES Act"**). Section 1102 contains a new program called the

Paycheck Protection Program (**"PPP"**) and is party of the U.S. Small Business Administration's

(**"SBA"**) 7(a) Loan Program. These two sections are intended to provide economic relief to

small businesses nationwide adversely impacted by the coronavirus pandemic and the COVID-

19 Emergency Declaration issued by President Trump on March 13, 2020.

28.    Due to the COVID-19 emergency, many small businesses nationwide are

experiencing economic hardship as a direct result of the Federal, State, and local public health

measures that are being taken to minimize the public's exposure to the coronavirus.

29.    The SBA received funding and authority through the CARES Act to modify

existing loan programs and establish the new PPP loan program to assist small businesses

nationwide adversely impacted by the coronavirus pandemic.

30.    Section 1102 of the Act temporarily permits SBA to guarantee 100% of 7(a) loans

under the PPP. Section 1106 of the CARES Act provides for forgiveness of up to the full

principal amount of qualifying loans guaranteed under the PPP.

31.    The CARES Act was intended to provide relief to America's small businesses

expeditiously.

32.    The CARES Act gives lenders delegated authority to process loan applications for

PPP funding. SBA allowed lenders to rely on certifications of the borrowers in order to

determine eligibility of the borrower and use of loan proceeds, and to rely on specified

documents provided by the borrower to determine qualifying loan amount, and eligibility for loan forgiveness. Lenders are held harmless for borrowers' failures to comply with PPP rules.

33.     Defendants had to submit documentation necessary to establish eligibility such as payroll processor records, payroll tax filings, form 1099s, income and expenses documentation.

34.     In general, Defendants calculated an amount to borrow by aggregating payroll costs from the previous 12 months for employees whose principal place of residence is the United States. Annual employee salaries are capped at $100,000. The borrower then calculated the average monthly payroll cost and multiplied that amount by a factor of 2.5.

35.     One certification on the Application states, "Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant."

36.     Defendants certified on their loan applications that at the time of application an owner of at least 20% of the defendant entities was not subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought. *See*, section 5 on the PPP application.

37.     Defendants also "further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects."

38.     Finally, Defendants certified on the PPP loan applications that they "understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution,

under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000."

## ALLEGATIONS

39.     As of May 8, 2019, Moore was subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges were brought. *See*, grand jury indictment attached as Exhibit C.

40.     Plaintiff used his own efforts, data-mining skills, techniques, and abilities to review and analyze data from the SBA, from the Tennessee Secretary of State, the Mississippi Secretary of State, the Georgia Corporations Division, and the federal court system to show Defendants' fraud.

41.     Defendants certified on their loan and grant applications that no owner of 20% or more of the interest in the two defendant entities was subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges were brought.

42.     Upon information and belief, Moore owned at least a 20% interest in the defendant entities.

43.     Defendants thus made material misrepresentations on their loan and grant applications, knowing lenders and the Federal Government would rely on said representations in paying funds to the entity defendants.

44.     Relator reserves the right to amend this Complaint and expand these allegations upon review of the actual applications and supporting documentation submitted by Defendants.

## False Claims Act

### 31 U.S.C. § 3729(a)(1)(A)-(B)

45.     Relator realleges and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

46.     This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. § 3729, *et seq.*, as amended.

47.     By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the United States Government, or authorized agent of the United States Government, for payment or approval.

48.     By virtue of the acts described above, Defendants knowingly made or used, or caused to be made or used, false, or fraudulent records or statements material to false or fraudulent claims for payment by the Government.

49.     Relator cannot at this time identify all of the false claims for payment that were caused by Defendants' conduct. The false claims were presented to third party lending institutions. Relator does not have access to the records of all such false or fraudulent statements or claims.

50.     Lenders, acting on behalf of the Federal Government, were guaranteed 100% of the PPP loans from the Federal Government. Said lenders were unaware of the falsity of the records, statements, and claims made or caused to be made by Defendants. Said lenders paid the claims that would not be paid but for Defendants' illegal conduct.

51.     By reason of Defendants' acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

52.      Additionally, the United States is entitled to a maximum penalty for each and every violation arising from Defendants' unlawful conduct alleged herein.

## PRAYER

WHEREFORE, *qui tam* Plaintiff/Relator prays for judgment against each Defendant as follows:

1. That this Court enter judgment against each Defendant in an amount equal to three times the damages the United Sates has sustained because of Defendant's actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. § 3729;

2. That Relator be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(d);

3. That Relator be awarded all costs of this action, including attorney's fees and expenses; and

4. That Relator recover such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a trial by jury.

Dated: 5/6/2023                    Respectfully submitted,


                                   */s/ James B. Quesenberry*
                                   James B. Quesenberry
                                   197 East 100 North, Suite A
                                   Payson, UT  84651
                                   Telephone: 801-473-9951
                                   jbq.esq@gmail.com
                                   Counsel for Relator
                                   (Application for special admission pending)



EXHIBIT A

|  | PPP Loan 1 |
|---|---|
| LoanNumber | 1330597407 |
| DateApproved | 5/4/20 |
| ProcessingMethod | PPP |
| BorrowerName | MOORE ADVANCED INC. |
| BorrowerAddress | 2765 HIGHWAY 51 S STE E |
| BorrowerCity | HERNANDO |
| BorrowerState | MS |
| BorrowerZip | 38632-2601 |
| ServicingLenderName | Bank of America, National Association |
| ServicingLenderAddressFull | 100 N Tryon St, Ste 170 CHARLOTTE NC 28202-4024 |
| NAICSCode | 561311 |
| BusinessType | Corporation |
| OriginatingLender | Bank of America, National Association |
| OriginatingLenderLocationID | 9551 |
| OriginatingLenderCityState | CHARLOTTE NC |
| Gender | Unanswered |
| ForgivenessAmount | $ 1,071,910.92 |
| ForgivenessDate | 2/3/21 |

|  | PPP Loan 2 |
|---|---|
| LoanNumber | 9188177306 |
| DateApproved | 5/1/20 |
| ProcessingMethod | PPP |
| BorrowerName | HD FREIGHT LOGISTICS, LLC |
| BorrowerAddress | 2765 HIGHWAY 51 S STE D |
| BorrowerCity | HERNANDO |
| BorrowerState | MS |
| BorrowerZip | 38632-2601 |
| ServicingLenderName | Bank of America, National Association |
| ServicingLenderAddressFull | 100 N Tryon St, Ste 170 CHARLOTTE NC 28202-4024 |
| NAICSCode | 484121 |
| BusinessType | Limited  Liability Company(LLC) |
| OriginatingLender | Bank of America, National Association |
| OriginatingLenderLocationID | 9551 |
| OriginatingLenderCityState | CHARLOTTE NC |
| Gender | Unanswered |
| ForgivenessAmount | $ 546.11 |
| ForgivenessDate | 10/28/21 |

EXHIBIT B

|  | EIDL Loan |
|---|---|
| AwardID | 4493727407 |
| GrantAmount | $ - |
| EndingLoanSubsidyCost | $ 2,751.24 |
| EndingLoanAmount | $ 20,200.00 |
| DateApproved | 5/9/20 |
| funding_office_name | OFC OF DISASTER ASSISTANCE |
| treasury_accounts_funding_this_award | 073-X-1152-000 |
| recipient_name | HD FREIGHT LOGISTICS, LLC |
| recipient_address_line_1 | 40 YEARGIN CT |
| recipient_state_code | GA |

|  | EIDL Grant |
|---|---|
| AwardID | EIDLGT:3300077012 |
| GrantAmount | $ 5,000.00 |
| EndingLoanSubsidyCost | $ - |
| EndingLoanAmount | $ - |
| DateApproved | 4/14/20 |
| funding_office_name | OFC OF CHIEF OPERATING OFFICER |
| treasury_accounts_funding_this_award | 073-2020/2021-0500-000 |
| recipient_name | HD FREIGHT LOGISTICS, LLC |
| recipient_address_line_1 | 40 YEARGIN CT |
| recipient_state_code | GA |

Case 2:23-cv-02281-JTF-atc    Document 1    Filed 05/06/23    Page 14 of 27
PageID 14
Case: 17CI1:19-cr-00392-GC    Document #: 3    Filed: 05/08/2019    Page 1 of 7

# EXHIBIT C

**STATE OF MISSISSPPI**
**SEVENTEENTH CIRCUIT COURT DISTRICT**
**DESOTO COUNTY**
**MAY 2019 GRAND JURY SESSION**          CR 2019 - 0392 GCD

THE GRAND JURORS of the State of Mississippi, taken from the body of the good and lawful citizens of DeSoto County thereof, duly elected, empaneled, sworn and charged to inquire in and for the County and State aforesaid, at the Grand Jury Session aforesaid, in the name and by the authority of the State of Mississippi, upon their oaths present:

## COUNT 1
That **DAVID HUNTER MOORE and JUSTIN HEATH HANKINS**, Late of the County and State aforesaid, **between the dates of January 5, 2017 and January 3, 2019**, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully and feloniously, corruptly agree, conspire and confederate, each with the other and with divers others to the Grand Jury unknown, to commit a crime, to-wit: Video Voyeurism, in direct violation of Section 97-1-1(a), Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.
(nmt 5 years and/or $5,000 fine)

## COUNT 2
That **DAVID HUNTER MOORE and JUSTIN HEATH HANKINS**, Late of the County and State aforesaid, **between the dates of March 1, 2018 and January 3, 2019**, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Holly Pegram, without the permission of Holly Pegram when Holly Pegram was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit:  in the bathroom, in direct violation of Section 97-29-63, Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.
(nmt 5 years and/or $5,000 fine)

## COUNT 3
That **DAVID HUNTER MOORE and JUSTIN HEATH HANKINS**, Late of the County and State aforesaid, **between the dates of June 1, 2018 and January 3, 2019**, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Jessica Cunningham, without the permission of Jessica Cunningham when Jessica Cunningham was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit:  in the bathroom, in direct violation of Section 97-29-63, Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.
(nmt 5 years and/or $5,000 fine)

## COUNT 4
That **DAVID HUNTER MOORE and JUSTIN HEATH HANKINS**, Late of the County and State aforesaid, on or about the 2ND day of **June**, in the year of our Lord, **2018**, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Elizabeth Valle, without the permission of Elizabeth Valle

Case 2:23-cv-02281-JTF-atc    Document 1    Filed 05/06/23    Page 15 of 27
PageID 15
Case: 17CI1:19-cr-00392-GC    Document #: 3    Filed: 05/08/2019    Page 2 of 7

when Elizabeth Valle was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit:  in the bathroom, in direct violation of Section 97-29-63, Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.
(nmt 5 years and/or $5,000 fine)

### COUNT 5

That **DAVID HUNTER MOORE and JUSTIN HEATH HANKINS**, Late of the County and State aforesaid, **between the dates of January 5, 2018 and October 16, 2018**, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Laporchia Dodd, without the permission of Laporchia Dodd when Laporchia Dodd was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit:  in the bathroom, in direct violation of Section 97-29-63, Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.
(nmt 5 years and/or $5,000 fine)

### COUNT 6

That **DAVID HUNTER MOORE and JUSTIN HEATH HANKINS**, Late of the County and State aforesaid, **between the dates of September 1, 2018 and January 3, 2019**, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Clarissa Meraz, without the permission of Clarissa Meraz when Clarissa Meraz was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit:  in the bathroom, in direct violation of Section 97-29-63, Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.
(nmt 5 years and/or $5,000 fine)

### COUNT 7

That **DAVID HUNTER MOORE and JUSTIN HEATH HANKINS**, Late of the County and State aforesaid, **between the dates of January 5, 2017 and January 3, 2019**, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Carlos Sanchez, without the permission of Carlos Sanchez when Carlos Sanchez was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit:  in the bathroom, in direct violation of Section 97-29-63, Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.
(nmt 5 years and/or $5,000 fine)

### COUNT 8

That **DAVID HUNTER MOORE and JUSTIN HEATH HANKINS**, Late of the County and State aforesaid, **between the dates of January 5, 2017 and January 3, 2019**, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully and

feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Juan Linan, without the permission of Juan Linan when Juan Linan was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit:  in the bathroom, in direct violation of Section 97-29-63, Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.
(nmt 5 years and/or $5,000 fine)

### COUNT 9

That **DAVID HUNTER MOORE and JUSTIN HEATH HANKINS**, Late of the County and State aforesaid, on or about the 3ᴿᴰ  day of **June,** in the year of our Lord, **2018**, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Lorrie Cardell, without the permission of Lorrie Cardell when Lorrie Cardell was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit:  in the bathroom, in direct violation of Section 97-29-63, Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.
(nmt 5 years and/or $5,000 fine)

### COUNT 10

That **DAVID HUNTER MOORE and JUSTIN HEATH HANKINS**, Late of the County and State aforesaid, **between the dates of January 5, 2017 and January 3, 2019**, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Kimberly Brooks, without the permission of Kimberly Brooks when Kimberly Brooks was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit:  in the bathroom, in direct violation of Section 97-29-63, Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.
(nmt 5 years and/or $5,000 fine)

### COUNT 11

That **DAVID HUNTER MOORE and JUSTIN HEATH HANKINS**, Late of the County and State aforesaid, **between the dates of January 5, 2017 and January 3, 2019**, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Eric Cruz, without the permission of Eric Cruz when Eric Cruz was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit:  in the bathroom, in direct violation of Section 97-29-63, Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.
(nmt 5 years and/or $5,000 fine)

Case 2:23-cv-02281-JTF-atc    Document 1    Filed 05/06/23    Page 17 of 27
PageID 17
Case: 17CI1:19-cr-00392-GC    Document #: 3    Filed: 05/08/2019    Page 4 of 7

### COUNT 12

That **DAVID HUNTER MOORE and JUSTIN HEATH HANKINS**, Late of the County and State aforesaid, **between the dates of January 5, 2017 and January 3, 2019**, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Pernell Williams, without the permission of Pernell Williams when Pernell Williams was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit: in the bathroom, in direct violation of Section 97-29-63, Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi. (nmt 5 years and/or $5,000 fine)

### COUNT 13

That **DAVID HUNTER MOORE and JUSTIN HEATH HANKINS**, Late of the County and State aforesaid, **between the dates of January 5, 2017 and January 3, 2019**, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Darryl Brooks, without the permission of Darryl Brooks when Darryl Brooks was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit: in the bathroom, in direct violation of Section 97-29-63, Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi. (nmt 5 years and/or $5,000 fine)

### COUNT 14

That **DAVID HUNTER MOORE and JUSTIN HEATH HANKINS**, Late of the County and State aforesaid, **between the dates of November 1, 2018 and January 3, 2019**, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Sholonda McKinley, without the permission of Sholonda McKinley when Sholonda McKinley was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit: in the bathroom, in direct violation of Section 97-29-63, Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi. (nmt 5 years and/or $5,000 fine)

### COUNT 15

That **DAVID HUNTER MOORE and JUSTIN HEATH HANKINS**, Late of the County and State aforesaid, **between the dates of July 1, 2018 and September 30, 2018**, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Edith Wolf, without the permission of Edith Wolf when Edith Wolf was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit: in the bathroom, in direct violation of Section 97-29-63, Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi. (nmt 5 years and/or $5,000 fine)

Case 2:23-cv-02281-JTF-atc    Document 1    Filed 05/06/23    Page 18 of 27
PageID 18
Case: 17CI1:19-cr-00392-GC    Document #: 3    Filed: 05/08/2019    Page 5 of 7

## COUNT 16

That **DAVID HUNTER MOORE and JUSTIN HEATH HANKINS**, Late of the County and State aforesaid, **between the dates of October 1, 2018 and November 30, 2018**, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Lora Manley, without the permission of Lora Manley when Lora Manley was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit: in the bathroom, in direct violation of Section 97-29-63, Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi. (nmt 5 years and/or $5,000 fine)

## COUNT 17

That **DAVID HUNTER MOORE and JUSTIN HEATH HANKINS**, Late of the County and State aforesaid, **between the dates of January 5, 2017 and January 3, 2019**, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Meredith Meraz, without the permission of Meredith Meraz when Meredith Meraz was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit: in the bathroom, in direct violation of Section 97-29-63, Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi. (nmt 5 years and/or $5,000 fine)

## COUNT 18

That **DAVID HUNTER MOORE and JUSTIN HEATH HANKINS**, Late of the County and State aforesaid, **between the dates of January 5, 2017 and January 3, 2019**, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Jim Cooke, without the permission of Jim Cooke when Jim Cooke was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit: in the bathroom, in direct violation of Section 97-29-63, Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi. (nmt 5 years and/or $5,000 fine)

## COUNT 19

That **DAVID HUNTER MOORE and JUSTIN HEATH HANKINS**, Late of the County and State aforesaid, **between the dates of March 1, 2018 and January 3, 2019**, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully and feloniously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: juvenile A.P., a child under the age of sixteen (16) years without the permission of A.P. when A.P. was located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit: in the bathroom, in direct violation of Section 97-29-63, Mississippi Code 1972 Annotated, as amended,

Case 2:23-cv-02281-JTF-atc   Document 1   Filed 05/06/23   Page 19 of 27
PageID 19
Case: 17CI1:19-cr-00392-GC   Document #: 3   Filed: 05/08/2019   Page 6 of 7

contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.

(nmt 10 years and/or $5,000 fine)

## COUNT 20

That **DAVID HUNTER MOORE**, Late of the County and State aforesaid, **between the dates of MARCH 1, 2018 and January 3, 2019**, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully and feloniously, by any means including computer, knowingly possess or knowingly access with intent to view any photograph, drawing, sketch, film, video tape, or other visual depiction of A.P., an actual child under the age of eighteen (18) years,  engaging in sexually explicit conduct, to-wit:  in the bathroom, in direct violation of Section 97-5-33(5), Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided and against the peace and dignity of the State of Mississippi.

(for first offense:  nlt 5 years - 40 years & nlt $50,000.00 - $500,000.00 fine)

(for second or subsequent offense: nlt 20 years - life & nlt $100,000.00 - $1,000,000.00 fine)

## A TRUE BILL

_____
Assistant District Attorney

_____
Foreman of the Grand Jury

Filed this the 8th day of May, 2019;

_Dale K. Thompson_____ Clerk

Recorded this the 8th day of May, 2019.

_Dale K. Thompson___ Clerk, BY: _____ D. C.

|  | David Hunter Moore | Justin Heath Hankins |
|---|---|---|
| Race/Sex: | White/Male | White/Male |
| DOB: | 04/28/1995 | 11/28/1995 |
| SSN: | 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 | 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 |

Case 2:23-cv-02281-JTF-atc   Document 1   Filed 05/06/23   Page 20 of 27
PageID 20
Case: 17CI1:19-cr-00392-GC   Document #: 3   Filed: 05/08/2019   Page 7 of 7

IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

STATE OF MISSISSIPPI

VS.                                    CAUSE NUMBER:  CR2019-0392GC1

DAVID HUNTER MOORE

<u>CAPIAS</u>

**To the Sheriff of said County:**

**You are hereby commanded** to take **DAVID HUNTER MOORE**

if to be found in your County, and safely keep him/her, so that

you have his/her body before this Court, then and there to answer

on an indictment found against him/her on the 8ᵗʰ day of MAY, 2019, for:

Charge 1:        **Conspiracy to Commit Video Voyeurism**

Charge 2-19:   **Video Voyeurism (COUNT 2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19)**

Charge 20:      **Child Exploitation**


**Given under my hand and seal** of said Court, and issued this the 8ᵗʰ day of May, 2019.



DALE K. THOMPSON
CIRCUIT COURT CLERK

BY: _____ D.C.
DEPUTY CIRCUIT COURT CLERK

I have this day executed the within writ by
serving _____
A true and correct copy thereof, together with
A correct copy of the indictment.
This is the _____ day of _____ 20___.
Bill Rasco Sheriff
By _____
Deputy Sheriff

R/S  W  M
DOB 04/28/1995
SS# 412790282

Case 2:23-cv-02281-JTF-atc    Document 1    Filed 05/06/23    Page 21 of 27
PageID 21
Case: 17CI1:19-cr-00392-GC    Document #: 124    Filed: 03/29/2022    Page 1 of 7

# EXHIBIT D

## IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

## FOR THE SEVENTEENTH JUDICIAL DISTRICT

**STATE OF MISSISSIPPI**

**VS.**                                    **CAUSE NO.  CR  2019-392 GCD**

**F I L E D**

**DESOTO COUNTY  MS**

**MAR 29 2022**

**DAVID HUNTER MOORE**

*Dale K. Thompson*
**CIRCUIT COURT CLERK**

### SENTENCE OF THE COURT

The Defendant, __David Hunter Moore__, on this date, came before the Court for sentencing pursuant to a jury verdict of guilty to the charges of _Ct. 2:  Video Voyeurism; Ct. 3:  Video Voyeurism; Ct. 4:  Video Voyeurism; Ct. 5:  Video Voyeurism; Ct. 6:  Video Voyeurism; Ct. 7:  Video Voyeurism Ct. 8:  Video Voyeurism; Ct. 9:  Video Voyeurism; Ct. 10:  Video Voyeurism; Ct. 12:  Video Voyeurism; Ct. 13:  Video Voyeurism; Ct. 14:  Video Voyeurism; Ct. 15:  Video Voyeurism; Ct. 16:  Video Voyeurism; Ct. 17:  Video Voyeurism; Ct. 19:  Video Voyeurism against a victim under sixteen (16) years of age_ in violation of Miss. Code Ann. § __97-29-63__.

The Defendant was represented by __Steven Farese Sr. and Clay Vanderburg__, who was present at all times with the Defendant.

The State of Mississippi was represented by _Luke Williamson_, Assistant District Attorney.

The Circuit Court, therefore, adjudicates the Defendant guilty of the charge of ___Ct. 2:  Video Voyeurism; Ct. 3:  Video Voyeurism; Ct. 4:  Video Voyeurism; Ct. 5:  Video Voyeurism; Ct. 6:  Video Voyeurism; Ct. 7:  Video Voyeurism Ct. 8:  Video Voyeurism; Ct. 9:  Video Voyeurism; Ct. 10:  Video Voyeurism; Ct. 12:  Video Voyeurism; Ct. 13:  Video Voyeurism; Ct. 14:  Video Voyeurism; Ct. 15:  Video Voyeurism; Ct. 16:  Video Voyeurism; Ct. 17:  Video Voyeurism; Ct. 19:  Video Voyeurism against a victim under sixteen (16) years of age__ in violation of Miss. Code Ann. § ___97-29-63___.

**IT IS THEREFORE ORDERED** that for said offense the Defendant, __David Hunter Moore__, is hereby sentenced as follows:

1

Case 2:23-cv-02281-JTF-atc    Document 1    Filed 05/06/23    Page 22 of 27
PageID 22
Case: 17CI1:19-cr-00392-GC    Document #: 124    Filed: 03/29/2022    Page 2 of 7

In Count 2, the Defendant is sentenced to a term of Five (5) years incarceration in the Mississippi Department of Corrections.

In Count 3, the Defendant is sentenced to a term of Five (5) years incarceration in the Mississippi Department of Corrections, running concurrently with Count 2.

In Count 4, the Defendant is sentenced to a term of Five (5) years incarceration in the Mississippi Department of Corrections, running concurrently with Count 3.

In Count 5, the Defendant is sentenced to a term of Five (5) years incarceration in the Mississippi Department of Corrections, running concurrently with Count 4.

In Count 6, the Defendant is sentenced to a term of Five (5) years incarceration in the Mississippi Department of Corrections, running concurrently with Count 5.

In Count 7, the Defendant is sentenced to a term of Five (5) years incarceration in the Mississippi Department of Corrections, running concurrently with Count 6.

In Count 8, the Defendant is sentenced to a term of Five (5) years incarceration in the Mississippi Department of Corrections, running concurrently with Count 7.

In Count 9, the Defendant is sentenced to a term of Five (5) years incarceration in the Mississippi Department of Corrections, running concurrently with Count 8.

In Count 10, the Defendant is sentenced to a term of Five (5) years incarceration in the Mississippi Department of Corrections, running concurrently with Count 9.

In Count 12, the Defendant is sentenced to a term of Five (5) years incarceration in the Mississippi Department of Corrections, running concurrently with Count 10.

In Count 13, the Defendant is sentenced to a term of Five (5) years incarceration in the Mississippi Department of Corrections, running concurrently with Count 12.

In Count 14, the Defendant is sentenced to a term of Five (5) years incarceration in the Mississippi Department of Corrections, running concurrently with Count 13.

In Count 15, the Defendant is sentenced to a term of Five (5) years incarceration in the Mississippi

2

Case 2:23-cv-02281-JTF-atc    Document 1    Filed 05/06/23    Page 23 of 27
PageID 23
Case: 17CI1:19-cr-00392-GC    Document #: 124    Filed: 03/29/2022    Page 3 of 7

Department of Corrections, running concurrently with Count 14.

In Count 16, the Defendant is sentenced to a term of Five (5) years incarceration in the Mississippi Department of Corrections, running concurrently with Count 15.

In Count 17, the Defendant is sentenced to a term of Five (5) years incarceration in the Mississippi Department of Corrections, running concurrently with Count 16.

In Count 19, the Defendant is sentenced to a term of Ten (10) years incarceration in the Mississippi Department of Corrections, running concurrently with Count 2.

Further, the Defendant shall be required to register as a sexual offender as required by Mississippi Law. The Defendant is also ordered to:

<u>Pay the following to the Clerk of this Court:</u>

    a.  Court Costs;

    b.  Fine in the amount of $ 5,000.00 in each count for a total of $80,000.00 in fines;

    c.  Assessment to the Mississippi Children's Trust Fund in the amount of $___1000.00 ;

    d.  Crime Lab Fee in the amount of $_____; made payable to _____`
_____;

    e.  Transportation Costs to _____ County Sheriff's Department in the amount of $_____;

    f.  Restitution in the amount of $_____; made payable to _____
_____;

Restitution in the amount of $_____; made payable to _____
_____;

    g.  All assessments are due and payable at the rate of $_100.00_ per month beginning

       _sixty (60) days from release_ or as follows _____.

Further the Defendant shall be given credit for <u>time</u> served in custody awaiting trial on this charge, as by law required.

The Defendant is hereby remanded to the DeSoto County Sheriff's Office to await transportation

3

Case 2:23-cv-02281-JTF-atc    Document 1    Filed 05/06/23    Page 24 of 27
PageID 24
Case: 17CI1:19-cr-00392-GC    Document #: 124    Filed: 03/29/2022    Page 4 of 7

to the Mississippi Department of Corrections.

SO ORDERED this the 29ᵗʰ day of _March_, 2022, _Nunc Pro Tunc the_ 25ᵗʰ _day of March, 2022._

_____
CIRCUIT COURT JUDGE

_____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_____
SOCIAL SECURITY NUMBER                    DEFENDANT'S ADDRESS

_____
PLACE OF BIRTH

_____April 28, 1995_____
DATE OF BIRTH

_____White_____
RACE                                      _____Male_____
                                          SEX

4

Case 2:23-cv-02281-JTF-atc    Document 1    Filed 05/06/23    Page 25 of 27
PageID 25
Case: 17CI1:19-cr-00392-GC    Document #: 124    Filed: 03/29/2022    Page 5 of 7

## MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY
### RESPONSIBLE AGENCY CONVICTED SEX OFFENDER REGISTRATION FORM
#### COMPLETED BY: ☐MDOC  ☐SHERIFF  ☐MENTAL INSTITUTION  ☐COURT

**PLEASE PRINT**
Name: _David Hunter Moore_      Social Security No: _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_

Driver's License/ID card No. and State: _ID Card_      Date of Birth: _4/28/95_

Passport/ Immigration No: _Surrendered to the Court_      Place of Birth: _Memphis, TN_

Professional License No: _None_      Type: _N/A_

Race: _W_  Sex: _M_  Height: _6 - 0_  Weight: _150_  Eye color: _Green_  Hair color: _Brown_

Scars, Marks, Tattoos: _____

| Primary Residential Street Address | | | |
|---|---|---|---|
| City | State | Zip Code | County |

Is your residence within 3000 feet of a public or nonpublic elementary or secondary school or a childcare facility, a residential child caring agency, a children's group care home or any playground, ballpark of other recreational facility utilized by persons under the age of eighteen (18) years. ☐yes ☐no  If yes, this may be prohibited per § 45-33-25(4)(a).

| Secondary/Temporary Residential Street Address | | | |
|---|---|---|---|
| City | State | Zip Code | County |

| Mailing Address (if different from Primary Residential Address above) | | | |
|---|---|---|---|
| City | State | Zip Code | County |

If your residence is a mobile home, trailer, motor vehicle or manufactured home provide the following:
VIN#:        License #:        Reg # :        Description:

If your residence is a vessel or houseboat, provide the following:
Name of vessel:      Hull ID#:      Serial #:      Reg #:      Description:

Employer (Paid or Unpaid)        Date of employment

| Employer Street Address | | | |
|---|---|---|---|
| City | State | Zip Code | County |

Are you ☐Employed ☐Volunteer ☐Student at Educational/Trade School, Professional Institute or Institution of Higher Education in MS: ☐ Y ☐ N
If yes, School Name:

| City | State | Zip Code | County |
|---|---|---|---|

| Vehicle Make/Model/Color: | License Tag State & Number | Where is vehicle kept? |
|---|---|---|
| Vehicle Make/Model/Color: | License Tag State & Number | Where is vehicle kept? |

| Home Phone | Work Phone | Cell Phone | Other |
|---|---|---|---|

Internet Screen Name, Instant Message, Email Address, etc.

If planning international travel list countries and dates of visitation.

Other Information:

### ***YOU MUST COMPLETE BOTH SIDES OF THIS FORM***

Form MSOR.01.3  Rev 12/13      Offender Initials ____

Case 2:23-cv-02281-JTF-atc    Document 1    Filed 05/06/23    Page 26 of 27
PageID: 26
Case: 17CI1:19-cr-00392-GC    Document #: 124    Filed: 03/29/2022    Page 6 of 7

## *MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY*
### *RESPONSIBLE AGENCY CONVICTED SEX OFFENDER REGISTRATION FORM*

PLEASE PRINT

**Crime for which convicted (Give details below)**

☐ 97-3-53         Relating to kidnapping, if the victim was below age of eighteen (18)
☐ 97-3-65         Relating to rape
☐ 97-3-71         Relating to rape and assault with intent to ravish
☐ 97-3-95         Relating to sexual battery
☐ 97-5-5          Related to enticing a child for concealment, prostitution or marriage
☐ 97-5-23         Relating to the touching of a child, or a mentally defective, incapacitated or physically helpless person for lustful purposes
☐ 97-5-27         Relating to the dissemination of sexually oriented material to children
☐ 97-5-33         Relating to the exploitation of children
☐ 97-5-41         Relating to the carnal knowledge of stepchild, adopted child or child of a cohabiting partner
☐ 97-29-3         Relating to adultery or fornication between teacher and pupil
☐ 97-29-59        Relating to unnatural intercourse
☐ 43-47-18        Relating to sexual abuse of a vulnerable person
☐ 97-3-54.1(1)(c) Relating to procuring sexual servitude of a minor
☐ 97-3-54.3       Relating to aiding, abetting or conspiring to violate Section 97-3-54.1(1)(c)
☐ 97-29-61(2)     Relating to voyeurism when the victim is a child under sixteen (16) years of age
☐ 97-29-63        Relating to Filming another without permission where there is expectation of privacy
☐ 97-29-45(1)(a)  Relating to obscene electronic communication
☐ 97-3-104        Relating to the crime of sexual activity between law enforcement, correctional or custodial personnel and prisoners
☐ 97-5-39(1)(c)   Relating to contributing to the neglect or delinquency of a child, felonious abuse or battery of a child, if the victim was sexually abused
☐ 97-1-7          Relating to attempt to commit any of the above-referenced offenses
☐ Any offense committed in another jurisdiction, which would be considered one of the above in MS
☐ Any offense committed in another jurisdiction for which registration is required in that jurisdiction
☐ Any conviction of conspiracy to commit; accessory to commission, or attempt to commit any offense listed in this section
☐ 45-33-23(g)(xix) Capital murder when one (1) of the above described offenses is the underlying crime

Details of the offense (do not include name of victim):_____
_____
_____

Arrest Date:__/__/____ Conviction Date: __/__/____ Court of Conviction:_____ State of Conviction:____
Are you currently on probation/parole? ☐yes ☐no  If yes, ☐Fed  ☐State  MCA §45-33-45  Electronic Monitoring/Tracking ☐yes ☐no
Probation Officer Name: _____  Phone: _____
Do you have any outstanding arrest warrants? ☐yes ☐no  If yes, where? _____
Have you ever been required to register as a convicted sex offender in another state? ☐yes ☐no  If yes,where?_____
Have you been designated a sexual predator or sexually violent predator in another state? ☐yes ☐no If yes, State?_____
Have you ever been adjudicated delinquent? ☐yes ☐no    If yes, where? _____
FBI#_____ MDOC#_____ DNA#_____

**Victim Information**
Victim #1: Age: ____.  Sex: ☐Male ☐Female    Use of Force against victim? ☐yes ☐no  Age of Offender at time of offense: ____
Victim #2: Age: ____   Sex: ☐Male ☐Female    Use of Force against victim? ☐yes ☐no  Age of Offender at time of offense: ____

Print Name of Offender: _____

Signature of Offender: _____ Date: _____

Registering Agency: _____ Phone: _____

Signature of Person Accepting Registration: _____

Check required enclosures: ☐Acknowledgement Form  ☐Conviction/Sentencing Order  ☐Photograph  ☐Fingerprints
Biological Sample sent to MS Crime Lab ☐yes ☐no

For questions or information, contact the Sex Offender Registry
P.O. Box 958, Jackson, MS 39205-0958
Phone: (601)987-1540 Fax: (601)933-2695 Email: msor@dps.ms.gov

Case 2:23-cv-02281-JTF-atc    Document 1    Filed 05/06/23    Page 27 of 27
PageID 27
Case: 17CI1:19-cr-00392-GC    Document #: 124    Filed: 03/29/2022    Page 7 of 7

# MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY
## SEX OFFENDER REGISTRY
### ACKNOWLEDGEMENT OF CONVICTED SEX OFFENDER'S DUTY TO REGISTER

Pursuant to the provisions of Mississippi Code Ann. § 45-33-21 et seq., I, the undersigned have been informed that all convicted sex offenders required to register with the Mississippi Sex Offender Registry (MSOR) must do the following:

___ 1. Report all addresses where you abide, lodge, reside or remain at between the hours of 10:00p.m. and 6:00 a.m. for a period of seven (7) or more consecutive days.

___ 2. Report any change of address by personally appearing at a DPS Driver's License station not less than ten (10) days before changing address. This includes change of address when moving out of state. When moving out of state, you must comply with any registration requirements of the new state.

___ 3. Register in any state where the person is employed, carries on a vocation, is stationed in the military, is a student, or a temporary resident.

___ 4. Report any change in status of enrollment, employment, vocation, or volunteer work at any public or private education institution, including any primary or secondary school, trade or professional institution, or institution of higher learning, by personally appearing at a DPS Driver's License station within three (3) business days of the change.

___ 5. Report any change of name, vehicle information, internet identifiers or employment by personally appearing at a DPS Driver's License station within three (3) business days of the change.

___ 6. If you volunteer with an organization in which volunteers have direct, private or unsupervised contact with minors, you are required to notify the organization at the time of volunteering that you have been convicted of a sex offense.

___ 7. If you are employed in any position or contract with a person to provide personal services, where the position brings you into regular contact with children, you are required to notify in writing the employer or the person with whom you have contracted that you have been convicted of a sex offense.

___ 8. You are prohibited from residing within three thousand (3,000) feet of the real property comprising a public or nonpublic elementary or secondary school or a childcare facility, a residential child caring agency, a children's group care home or any playground, ballpark of other recreational facility utilized by persons under the age of eighteen (18) years. Refer to Mississippi Code Ann. § 45-33-25(4) for full text of law.

___ 9. You are prohibited from being present in or within five hundred (500) feet of a school building or school property while persons under the age of 18 are present. Refer to Mississippi Code Ann. §45-33-26 for full text of law.

___ 10. You are required to notify the DPS if you are committed to a mental institution for a reason other than initial confinement following acquittal by reason of insanity for a sex offense. The offender, offender's guardian or conservator, or the administrator of the institution is authorized to provide the notification.

___ 11. Report any erroneous information listed about you in the Sex Offender Registry to the DPS by mail, telephone or email.

___ 12. Reregister by personally appearing at a DPS Driver's License station every ninety (90) days. Reregistration includes the submission of current information and photograph to the department and the verification of registration information, including the street address and telephone number of the registrant; name, street address and telephone number of the registrant's employment along with any other registration information that may need to be verified and payment of any required fees.

___ 13. Failure to re-register at a Driver's License station, or forgery or submission of information under false pretenses, will result in automatic suspension of your driver's license and is a felony punishable by fine of not more than $5,000.00 or imprisonment in the state penitentiary for not more than five years, or both.

___ 14. Offenders must advise MDPS twenty-one (21) days in advance if they plan to travel internationally. This must include an itinerary of countries to be visited and dates of visitation.

___ 15. You are required to provide any passport, immigration or professional license documents to DPS at the time of registration/reregistration for scanning.

___ 16. During a declaration of emergency, offenders must provide the management of an emergency shelter, the sheriff and Chief of Police of the county/municipality in which the shelter is located, the offender's full name, date of birth, social security number and last address prior to emergency declaration.

___ 17. If you intend to visit a public beach or public campground you must first seek permission form the Director of MSOR.

___ 18. Read, initial each line and sign this form verifying that these registration duties have been explained to you.

Print Name of Offender: _____

Signature of Offender: _____ Date: _____

Registering Agency: _____ Phone: _____

Signature of Person Accepting Registration: _____

POST OFFICE BOX 958 • JACKSON, MISSISSIPPI 39205-0958 • TELEPHONE 601-987-1540 • FAX 601-933-2695 • EMAIL: msor@dps.ms.gov

(Rev 12/13)